IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BISSELLS' GROCERY, INC.                                          PLAINTIFF

VS.                         Case No. 04-CV-4162

JOHN RAY RHODES and LORNA
RHODES                                                           DEFENDANTS

## ORDER

Before the Court is Plaintiff Bissells' Grocery, Inc.'s Motion for New Trial. (Doc. 37) Defendants John Ray Rhodes and Lorna Rhodes have responded. (Doc. 38) The Court finds the motion ripe for consideration. Plaintiff raises three arguments in her motion for a new trial: (1) the jury instructions only refer to one plaintiff, Bissells' Grocery, Inc., and were therefore erroneous, (2) one member of the jury engaged in misconduct during trial by sleeping for the majority of the testimony and closing arguments, and (3) the verdict is against the great weight of the evidence. The Court will address each issue in turn.

**I.      Jury Instructions**

Plaintiff is correct that the Court's jury instructions only refer to one plaintiff, Bissells' Grocery, Inc. Since this case was removed, the Court has treated this case as having only one plaintiff, Bissells' Grocery, Inc. Its first orders entered in this case only refer to one plaintiff, Bissells' Grocery, Inc. (Docs. 6 and 7) In any event, Fed. R. Civ. P. 51(c) states, "A party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds of the objection." A party moving for a new trial on the basis of improper jury instructions must have made an appropriate and timely objection prior to the start of jury deliberations. *Cirpiani v. Lycoming County Housing*

*Authority*, 177 F.Supp.2d 303 (M.D. Pa. 2001).  All parties were given the Court's proposed set of instructions at the end of the first day of trial, and no objections relating to the exclusion of Terry Bissell and Patricia Bissell as plaintiffs in the instructions were made on the record prior to the start of jury deliberations.  The objection of not including Terry Bissell and Patricia Bissell as plaintiffs was not raised until the motion for new trial was filed.  Therefore, the Court will not grant a new trial on this ground.

**II.    Juror Misconduct**

Plaintiff next argues its counsel saw one juror sleeping during closing arguments and that other jurors have since told Plaintiff's counsel the same juror slept during most of the testimony in both days of trial.  A new trial may not be granted to a party who with knowledge of juror misconduct fails to make any objection, and, when a motion for a new trial is argued on the ground of juror misconduct, the movant must aver and show that he and his counsel were ignorant of misconduct until after the return of the verdict.  *U. S. v. Kansas City, Mo.*, 157 F.2d 459 (8th Cir. 1946).  A party with knowledge of juror misconduct must make a timely objection and is not permitted to take his chances on a favorable verdict, and if it is unfavorable, obtain a new trial.  *Garcia v. Murphy Pac. Marine Salvaging Co.*, 476 F.2d 303 (5th Cir. 1973).  Here, Plaintiff's counsel knew of the grounds for juror misconduct, sleeping during the trial, when she saw the juror sleeping during closing arguments.  However, Plaintiff's counsel did not bring the juror misconduct to the Court's attention, perhaps because she thought the jury would return a verdict favorable to Plaintiff.  Clear precedent cited above prevents a new trial in this situation.  Therefore, the Court will not grant a new trial on this ground.

### III. Verdict Against Great Weight of Evidence

Plaintiff argues that evidence it presented on the store's overstated gross receipts and that the store' inventory should have been measured at cost instead of retail went undisputed at trial. Therefore, Plaintiff argues, the jury returning a verdict for Defendants on all three causes of action was against the great weight of the evidence and that a miscarriage of justice will occur without a new trial. A district court may order a new trial when it is convinced that a verdict goes against the clear weight of evidence or where a miscarriage of justice will result. *Mears v. Nationwide Mut. Ins. Co.*, 91 F.3d 1118 (8th Cir. 1996). The court does not believe the jury's verdict was against the clear weight of evidence or that a miscarriage of justice will result without a new trial. The trial involved the sale of a grocery store for $450,000.00. While the financing of the sale was reduced to writing, the parties did not sign a written contract for the actual sale. The jury was obviously left with judging the credibility of the witnesses regarding the alleged overstated gross receipts of the grocery store and whether the inventory was to be measured in value at cost or retail value. The jury obviously believed Plaintiff did not prove its case on any of its three causes of action the Court submitted. Therefore, the Court will not grant a new trial on this ground.

### IV. Conclusion

For reasons stated herein and above, the Court finds Plaintiff's Motion for New Trial should be and hereby is **denied.**

IT IS SO ORDERED, this 14th day of February, 2006.

    /s/ Harry F. Barnes
    Hon. Harry F. Barnes
    U.S. District Court